UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL DAVIS, JR.,

Petitioner,

v.

SHERIFF,

Respondent.

CAUSE NO. 3:26cv931 DRL-SJF

OPINION AND ORDER

Samuel Davis, Jr., a prisoner without a lawyer, filed habeas petition in connection with Case No. 43D02-2603-F6-127 pending in the Kosciusko Superior Court and related disciplinary proceedings at the Kosciusko County Jail.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to a probable cause affidavit attached to the petition, Mr. Davis and a jail officer engaged in a physical altercation at the Kosciusko County Jail on March 9, 2026. According to the petition, this altercation led to the initiation of criminal proceedings in Case No. 43D02-2603-F6-127 and the initiation of jail disciplinary

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. Though Mr. Davis identifies the state case as Case No. 43D02-2603-FB-127, the State electronic docket indicates that no such case exists. Consequently, the court will assume for purposes of this opinion that Mr. Davis intended to reference Case No. 43D02-2603-F6-127 due to its substantial resemblance to the case described in the petition.

proceedings. The court declines to allow Mr. Davis to challenge both his pretrial custody under Case No. 43D02-2603-F6-127 and his jail disciplinary proceedings in a single habeas case. *See* Rule 2(e) of the Rules Governing Section 2254 Habeas Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of the court.").

The court further observes that Mr. Davis' claims relating to his unlawful detention and excessive bail appear to be moot given that he has since notified the court that he has been released from the Kosciusko County Jail. Additionally, it is unclear how Mr. Davis is presently in custody as a result of the jail disciplinary proceedings. *See* 28 U.S.C. § 2254(a). Mr. Davis also asserts a Fourteenth Amendment violation without providing any facts to support it. Moreover, it also does not appear Mr. Davis has exhausted state court remedies with respect to any challenge to his pretrial custody under Case No. 43D02-2603-F6-127. *See United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991)

Consequently, Mr. Davis may not proceed on this petition, but the court will grant him another opportunity to file an amended petition that identifies which proceedings he seeks to challenge. However, Mr. Davis should only file an amended petition if he believes he can sufficiently address the deficiencies in this order. If Mr. Davis chooses to file an amended petition, he should use the court's preferred form (two separate forms available on the court's website—one for challenging state criminal proceedings and oen for challenging prison discipline) and must put the case number assigned to this case on

it, which is on the first page of this order. The amended petition must also be complete in and of itself without seeking to incorporate prior petitions.

For these reasons, the court:

(1) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 2);

(2) GRANTS Samuel Davis, Jr., until September 30, 2026, to file an amended habeas petition consistent with this Order; and

(3) CAUTIONS Samuel Davis, Jr., that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

August 31, 2026

*s/ Damon R. Leichty*
Judge, United States District Court